REEVES COUNTY CIVIL CASE SUMMARY - PLEADINGS ONLY
CAUSE # 17-10-22184-CVR

| | |
|---|---|
| STEPHENS, BRADLEY T. | ATTORNEY: BLAKE C. ERSKINE<br>P.O. BOX 3485<br>LONGVIEW, TX 75606<br>(903)757-9435 |
| STEPHENS, BRADLEY T. | ATTORNEY: DAN STROUP<br>3400 W. MARSHALL AVE., STE.<br>LONGVIEW, TX 75604<br>(903)295-2200 |
| STEPHENS, BRADLEY T. | ATTORNEY: BILL WEINACHT<br>P. O. BOX 170<br>PECOS, TX 79772-0170<br>(432)445-2013 |

--VS.--

| | |
|---|---|
| FAF INC. | ATTORNEY: |
| DUVALL, EVA J. | ATTORNEY: |

CAUSE OF ACTION: INJURY DAMAGES WITH VEHICLE
FILE DATE: 10/26/2017

| DATE | NATURE OF PROCEEDINGS<br>REMARKS | AMOUNT | USER |
|---|---|---|---|
| 10/26/2017 | CIVIL CASE ORIGINAL PETITION<br>ORIGINAL PETITION AND REQUEST FOR DISCLOSURE - ATTY ERSKINE | $282.00 | MTHO |
| 10/26/2017 | COPIES   NON-CERTIFIED<br>COPIES | $12.00 | MTHO |
| 10/26/2017 | ISSUE CITATION   CERTIFIED MAIL<br>ISD FAF, INC | $16.00 | MTHO |
| 10/26/2017 | CITATION BY MAIL<br>ISD EVA DUVALL | $0.00 | MTHO |
| 10/26/2017 | JURY FEE<br>JURY DEMAND AND FEE PD - ATY ERSKINE | $40.00 | MTHO |
| 10/26/2017 | SERVICE   CERTIFIED MAIL<br>CMRR DALLAS TX | $65.00 | MTHO |
| 10/26/2017 | SERVICE   CERTIFIED MAIL<br>CMRR AUSTIN TX | $65.00 | MTHO |
| 10/26/2017 | RECEIPT ISSUED<br>211128 | $475.00 | MTHO |

TOTAL PLEADINGS LISTED: 8

A CERTIFIED COPY
Attest: DECEMBER 27 20 17
District Clerk
PAT TARIN
Reeves County, Texas
No: 17-10-22184-CVR
By: _____ Deputy

10/26/2017 4:58 PM
Pat Tarin
District Clerk
Reeves County, Texas
Misty Thomas

Cause No. 17-10-22184-CVR

| | | |
|---|---|---|
| BRADLEY T. STEPHENS | § | 143 RD IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | IN AND FOR |
| | § | |
| FAF, INC. and EVA J. DUVALL | § | REEVES COUNTY, TEXAS |

**PLAINTIFFS' ORIGINAL PETITION
and REQUEST FOR DISCLOSURE**

TO THE HONORABLE COURT:

COMES NOW, BRADLEY T. STEPHENS, Plaintiff herein, complaining of Defendants, FAF, INC. and EVA J. DUVALL. For cause of action, Plaintiffs would respectfully show this Honorable Court the following:

## I.
## Discovery

Discovery is to be conducted under Level 3, pursuant to the Texas Rules of Civil Procedure.

## II.
## Parties

Plaintiff:   Bradley T. Stephens is an individual who resides in Reeves County, Texas; the last three digits of his Texas drivers license are 419 and the last three digits of his Social Security number are 725.

Defendants:  Defendant, FAF, Inc. is a Texas corporation who may be served by serving its Registered Agent, Scott L. Everett, 3741 Merrell Road, Dallas, Texas 75229.

Defendant, Eva J. Duvall, is an out of state resident and has no registered agent for service in Texas. Eva J. Duval has been involved in a traffic collision in the State of Texas, and may be served with process by serving J. Bruce Bugg, Jr., Chairman of the Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483, pursuant to § 17.062, Texas Civil Practice and Remedies Code, who may in turn serve Eva J. Duvall at her home address, P. O. Box 851947, Yukon, Oklahoma 73085.

Plaintiff's Original Petition and Request for Disclosure


True and correct copy of original Filed in the Reeves County District Clerks Office

Page 1

## III.
## Venue

Venue in this action is proper in Reeves County, Texas in that the occurrence made the basis of this suit occurred wholly in Reeves County, Texas.

## IV.

Pursuant to TRCP 47(c), Plaintiff states the following: Plaintiff seeks monetary relief in excess of $1,000,000.00, which is within the jurisdictional limits of this Court.

## V.
## Facts

On or about September 30, 2017, Defendant Eva J. Duvall driving a 2016 Freightliner tractor/trailer owned and operated by FAF, Inc. was stopped at the intersection of I-10 and FM 2903. Bradley T. Stephens, driving a 1999 Peterbilt truck, was traveling northbound on FM 2903 approaching the intersection when suddenly Ms. Duvall began to cross the intersection directly in the path of Mr. Stephens, causing a violent collision wherein both trucks ended up rolling over onto their right sides. This collision caused damages and bodily injuries to Plaintiff which were proximately caused by the negligence and carelessness of Defendant FAF, Inc.'s employee, Defendant Duvall, in the operation of his tractor/trailer on the occasion in question.

## VI.

The occurrence made the basis of this suit, and the resulting injuries and damages to Plaintiff, Bradley T. Stephens, were proximately caused by the negligent acts, and negligence *per se* and/or omissions of Defendants, FAF, Inc. and Eva J. Duvall, constituted negligence, and were a proximate cause of the injuries to Plaintiff in one or more of the following aspects.

1. Choosing not to yield the right of way to Bradley T. Stephens;


True and correct copy of original Filed in the Reeves County District Clerks Office

2. Choosing to enter an intersection into the direct path of Bradley T. Stephens;

3. Choosing not to timely apply the brakes of her tractor/trailer in order to avoid striking the Plaintiff's vehicle;

4. Choosing not to steer the tractor/trailer in such a manner as to avoid striking the Plaintiff's vehicle;

5. Choosing not to maintain control of the tractor/trailer; and

6. Choosing not to control the speed of her tractor/trailer.

Each of the foregoing acts and/or omissions, whether taken singularly or in combination were a proximate cause of Plaintiff's injuries and damages that are described below. Plaintiff would show that nothing he did or failed to do in any manner caused this incident. Plaintiff's injuries and damages were proximately caused by the negligence of Defendant FAF, Inc. and its' employee, Defendant Eva J. Duvall.

## VII.
## Negligent Entrustment

Plaintiff would show that Defendant Duvall committed acts which were negligent and negligence *per se* and which were the proximate cause of the collision in question, and the resulting injuries to Plaintiff.

Plaintiff would show that Defendant FAF, Inc. was negligent in the entrustment of the subject matter vehicle to Defendant Eva J. Duvall, and Ms. Duvall was acting in the course and scope of her employment, agency, or was a servant of Defendant FAF, Inc.



True and correct copy of original Filed in the Reeves County District Clerks Office

## VIII.
## Damages

As a result of the negligence of Defendants FAF, Inc. and Duvall, Plaintiff suffered the following damages:

Plaintiff suffered bodily injury to his neck, shoulder, and body generally. Said injuries are permanent in nature. Plaintiff seeks fair and reasonable compensation for the following:

1. Past and future medical expenses;

2. Past and future loss of wage earning capacity;

3. Past lost wages;

4. Past and future pain;

5. Past and future impairment;

6. Past and future loss of enjoyment of life;

7. Past and future disfigurement; and

8. Punitive damages.

## IX.
## Claim for Exemplary and/or Punitive Damages

Plaintiff re-alleges and re-avers all of the above and incorporate them by reference herein.

## X.

Defendant Duvall was operating a tractor/trailer extremely heedless and reckless and with reckless disregard of the rights of Plaintiff. Plaintiff, Bradley T. Stephens alleges that as an expert truck driver he knows that a truck driver must be qualified, properly trained and properly supervised by his or her employer. Plaintiff alleges that this safety rule is so axiomatic that all trucking companies know and understand it, or in the exercise of ordinary care they should know and


True and correct copy of original Filed in the Reeves County District Clerks Office

understand it. As a very large and widespread trucking company with a vast fleet of trucks, the Defendant FAF, Inc. very well knew or should have known of this safety rule. However, in spite of their actual and constructive knowledge of this safety rule, Defendant FAF, Inc. acting through its agents, representatives, and vice principals, chose not to comply with and follow this safety rule.

Defendant Duvall's actions were gross negligence, as defined in Texas Civil Practice and Remedies Code, § 41.003, which Plaintiff makes a claim.

### XI.

Plaintiff Bradley T. Stephens seeks fair and reasonable compensation for the following elements of damages resulting from injuries sustained in the wreck made the basis of this suit:

1. Judgment against Defendant FAF, Inc. for compensatory and punitive damages as a result of their negligent entrustment of the subject matter vehicles to Eva J. Duvall;

2. Judgment against Eva J. Duvall for compensatory and punitive damages for her acts of gross negligence while acting within the course of her employment with Defendant FAF, Inc. at the time of the wreck.

### XII.

Plaintiff requests that the Defendant be cited to appear and answer, and that on final trial of this cause Plaintiff have:

1. Monetary relief in excess of $1,000,000.00;

2. Pre-judgment and post-judgment interest as provided by law;

3. Costs of suit

4. Punitive damages; and

5. Such other and further relief to which Plaintiff may show himself justly entitled.

Plaintiff's Original Petition and Request for Disclosure    Page 5



True and correct copy of original Filed in the Reeves County District Clerks Office

## Request for Disclosure

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests the disclosure of Defendants FAF, Inc. and Eva J. Duvall, within fifty (50) days of service of this request, the information or material described in Rule 194.2(a)-(l), Texas Rules of Civil Procedure.

Respectfully submitted,

J. William Weinacht
THE WEINACHT LAW FIRM
P. O. Box 170
Pecos, Texas 79772
Telephone: 432-445-2013
Facsimile: 432-445-5255
E-Mail: weinachtlawfirm@yahoo.com
State Bar No. 21083900

Dan Stroup
DAN STROUP, PC
3400 W. Marshall Ave., Ste. 403
Longview, Texas 75604
Telephone: (903)295-2200
Facsimile: (903)295-2171
E-Mail: dstroup@danstroup.com
State Bar No. 19425200

Blake C. Erskine
ERSKINE & McMAHON, LLP
P. O. Box 3485
Longview, Texas 75606
Telephone: (903)757-9435
Facsimile: (903)757-9429
E-Mail: blakee@erskine-mcmahon.com
State Bar No. 06649000

By: _____ /c/ Blake C. Erskine _____
Blake C. Erskine

ATTORNEYS FOR PLAINTIFF



True and correct copy of original Filed in the Reeves County District Clerks Office

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  EVA J. DUVALL
BY SERVING J. BRUCE BUGG, JR.
CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION
125 E 11TH STREET
AUSTIN, TX. 78701

Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's **ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 143RD DISTRICT COURT of Reeves County, Texas at the Courthouse of said County in Pecos, Texas.
Said Plaintiff's Petition was filed in said court by BLAKE C. ERSKINE, (attorney for Plaintiff or Plaintiff), whose address is P.O. BOX 3485, LONGVIEW, TX 75606, on the 26th day of October, 2017 in this case, numbered 17-10-22184-CVR on the docket of said court, and styled,

### BRADLEY T. STEPHENS
### -VS-
### FAF, INC. AND EVA J. DUVALL

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's **ORIGINAL PETITION AND REQUEST FOR DISCLOSURE** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly mail the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Pecos, Texas on 1st day of November, 2017.

ATTEST: PAT TARIN, DISTRICT CLERK
143RD DISTRICT COURT
REEVES COUNTY, TEXAS
BY: _____
MISTY THOMAS, DEPUTY

CITATION BY MAIL


True and correct copy of original Filed in the Reeves County District Clerks Office

## ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE

Rule 106(a)(2) the citation shall be served by mailing to the Defendant **EVA J. DUVALL** by Certified Mail # _7016 1370 0002 2008 3497_ Return Receipt Requested, a true copy of the Citation _ORIGINAL PETITION & REQUEST FOR DISCLOSURE_

Sec. 17.027 Rules of Civil Practices and Remedies Code if prepared by Clerk of Court.

## CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the 1st day of November, 2017 at _4_ o'clock _P_ M., I mailed to
EVA J. DUVALL,
BY SERVING J. BRUCE BUGG, JR.
CHAIRMAN OF THE TX
TRANSPORTATION COMMISSION,
125 E. 11TH STREET
AUSTIN, TX. 78701

Defendant(s) by registered mail, with delivery restricted to Addressee Only, Return Receipt Requested, at the address stated above, a true copy of this citation with a copy of the Petition attached thereto.

PAT TARIN
DISTRICT CLERK
REEVES COUNTY, TEXAS
143RD DISTRICT COURT
PO BOX 848
PECOS, TX 79772

BY: _____
MISTY THOMAS, DEPUTY

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7016 1370 0002 2008 3497

NOV 02 2017 — PECOS POST OFFICE

Sent To: EVA DUVALL
123 E 11TH STREET
AUSTIN, TX 78701
79772-9998

17-10-22184-CVR

PS Form 3800, April 2015

---

**SENDER: COMPLETE THIS SECTION**
- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to: 17-10-22184-CVR

EVA J DUVALL
125 E 11TH STREET
AUSTIN, TX 78701

9590 9402 2664 6336 2370 22

2. Article Number (Transfer from service label)
7016 1370 0002 2008 3497

PS Form 3811, July 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: _Randall_ ☐ Agent ☐ Addressee
B. Received by (Printed Name): Randall
C. Date of Delivery: NOV 06 2017
D. Is delivery address different from item 1? ☐ Yes ☐ No

17-15-17 FILED 17-0247
PAT TARIN
CLERK, DISTRICT COURT
REEVES COUNTY, TEXAS

"True and correct copy of original filed in the County District Clerk's Office"

3. Service Type:
☐ Priority Mail Express®
☐ Adult Signature   ☐ Registered Mail™
☐ Adult Signature Restricted Delivery   ☐ Registered Mail Restricted Delivery
☐ Certified Mail®   ☐ Return Receipt for Merchandise
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery   ☐ Signature Confirmation™
☐ Collect on Delivery Restricted Delivery   ☐ Signature Confirmation Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

Domestic Return Receipt